SAMUEL LORMER, PLAINTIFF IN ERROR, v. EDWARD BAIN, DEFENDANT IN ERROR.

**Negotiable Instruments.**  In this case, *Held,* That the holder of a collateral security for the payment of a promissory note, without special contract to that effect, need not convert and apply the said collateral before bringing suit on the note.

ERROR to the district court for Clay county.  Tried below before WEAVER, J.

*John D. Hayes,* for plaintiff in error, cited: *Cole v. Sacket,* 1 Hill, 516.  *Loby v. Barber,* 5 Johns., 66.  *Dayton v. Trull,* 22 Wend., 345.  *Alcock v. Hopkins,* 6 Cush., 484.  *Mills v. Lumsdas,* 16 Ill., 161.  *Harris v. Johnston,*

Lormer v. Bain.

3 Cranch, 311.  *Jones v. Savage*, 6 Wend., 658.  *Ray-mond v. Merchant*, 3 Conn., 150.  *Smith v. Lockwood*, 10 Johns., 367.  2d Dan'l Neg. Inst., 274.  Edwards on Bills, 204.  *Jennison v. Parker*, 7 Mich., 355.  *Phœnix Ins. Co. v. Allen*, 11 Id., 501.  *Booth v. Smith*, 3 Wend., 67.  2 Parsons Notes and Bills, 154–181.  Edwards on Bills, 198, 201–445.  Redfield & Bigelow's Leading Cases, 637–642.  2 Dan'l Neg. Inst., 275.

*Bagley & Bemis*, for defendant in error, cited: 2 Dan'l Neg. Inst., 276.  *Larzier v. Nevin*, 3 West Va., 622.  Story on Notes, 550.  *Cornwall v. Gould*, 4 Pick., 448.  *Ripley v. Green*, 2 Verm., 129.  *Bishop v. Rowe*, 3 M. & S., 362.  2 Parsons Notes and Bills, 183.

COBB, J.

The action was commenced in the county court of Clay county by the defendant in error, against the plaintiff in error, on a promissory note, set out and described in the bill of particulars in said court.  The plaintiff in error answered said bill of particulars, denying that he was indebted to plaintiff in the court below, and for a further answer alleged that, at the commencement of said action the said plaintiff was indebted to the defendant on two promissory notes, amounting to the sum of ninety dollars, which were given to secure the payment of the note sued on by plaintiff, which said notes the plaintiff has never accounted for to the defendant, and prayed that so much of said sum of ninety dollars and interest thereon might be set off against any claim the plaintiff might have against the defendant as equals the same, and that he might have a judgment against said plaintiff for the balance.

There was a trial and judgment for defendant in the county court.  The cause was taken to the district court on error, when the judgment of the county court was reversed,

and the cause retained for trial, whereupon the defendant brings the cause to this court on error.

The question presented for the consideration of this court is, do the facts stated in the answer constitute a defense to the cause of action as set out in the bill of particulars? The said answer is not, strictly speaking, a defense, but rather a counter-claim, and do the facts there stated constitute a cause of action? These facts are that, at the time defendant executed the promissory note sued on, he also delivered to the plaintiff two other promissory notes as collateral security therefor. It is not stated whether these notes or either of them have become due, were endorsed by any one entitled to notice of the dishonor of said notes, have been paid in whole or in part, or indeed any fact which imposed any duty upon the plaintiff in respect to the said notes, or if so, that such duty had not been fully performed.

The naked statement of these facts seems to be all that need be said in answer to the above question. Doubtless there might be a contract between parties by which it would be the duty of the holder of a collateral security to convert and apply it before bringing suit for the debts, but no such contract is implied from the facts stated in the answer.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.